UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NATASHA J. RAY, MARY FRISCH, THOMAS DESHAZO, and JEANNE DESHAZO,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID SCHILE, KATELIN E. BARTLES, BENJAMIN V. SCHILE, MITCH GARDNER, LAW OFFICE OF BRIAN D. WEBB, LLC, MICHAEL C. MCCLURE, and ADA COUNTY SHERIFF,<br><br>Defendants. | Case No.: 1:23-CV-00488-BLW-REP<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Ada County Sheriff's Motion to Quash (Dkt. 14). In this motion, Defendant argues that he has not been validly served under Federal Rule of Civil Procedure 4. For the reasons set forth below, the undersigned agrees that Plaintiffs' efforts at service have been deficient, but recommends that the Court extend the deadline for Plaintiffs to properly serve the Ada County Sheriff.

## PROCEDURAL HISTORY

This action was filed on November 3, 2023. (Dkt. 1.) The original deadline for Plaintiffs to complete service of process was February 1, 2024. *See* Fed. R. Civ. P. 4(c)(1) and 4(m). When Plaintiffs missed this deadline, the Court extended the time to complete service of process to March 22, 2024. (Dkt. 4.) The Court also provided Plaintiffs with information on how to properly complete service of process. *Id.*

On April 3, 2024, Plaintiffs filed an "Affidavit of Service" asserting that they had served five Defendants, including the Ada County Sheriff, by email. (Dkt. 10.) On May 2, 2024, the

REPORT AND RECOMMENDATION - 1

Court entered an order explaining that email was not an acceptable form of service. (Dkt. 11.) The Court once again provided information on how to complete service of process and ordered that Plaintiffs serve all Defendants by June 3, 2024. The Court warned that failure to effectuate valid service by the second amended service deadline could result in the dismissal of this action without prejudice. *Id.*

In response to this order, Plaintiffs made a second attempt to serve the Ada County Sheriff. (Dkts. 12-13.) Specifically, Plaintiffs' process server went in person to the Ada County Sheriff's Office on June 3, 2024 and asked to speak with legal counsel. *See* Derden Decl. ¶ 2 (Dkt. 14-2) and Proof of Service at 10 (Dkt. 13). Terry Derden, the Chief Legal Advisor to the Ada County Sheriff, came to the lobby. Derden Decl. ¶ 3 (Dkt. 14-2). The process server immediately handed Mr. Derden a copy of the summons and complaint. *Id.* Mr. Derden attests that he accepted these documents as a courtesy, but explained that he was not authorized to officially accept service for the Ada County Sheriff. *Id.* ¶¶ 4-6.

## LEGAL STANDARD

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-975 (9th Cir. 2013) (citation omitted). Once service is challenged, as it is here, "plaintiffs bear the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

If plaintiffs cannot satisfy that burden and the service deadline has expired, the Court must quash service and either (i) dismiss the action without prejudice or (ii) extend the service deadline under Rule 4(m). *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir.

**REPORT AND RECOMMENDATION - 2**

2006). In deciding which action to take, the Court follows a two-step process. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).

"First, upon a showing of good cause for the defective service, the court must extend the [service] time period." *Id.* Courts determine whether a plaintiff has shown good cause on a case-by-case basis. At a minimum, showing good cause requires "excusable neglect." *Id.* A plaintiff, however, may also be required to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Second, if a plaintiff fails to establish good cause, the court retains discretion to extend the service period. *Id.* The Ninth Circuit has directed district courts to consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" when exercising their discretion. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *see also United States v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004) (remanding because the district court "failed to consider the question of prejudice" before dismissing the lawsuit). Determining how to balance these factors generally rests with the sound discretion of the district court. *Efaw*, 473 F.3d at 1041.

## DISCUSSION

I. <u>Plaintiffs have not established that they validly served the Ada County Sheriff.</u>

Plaintiffs maintain that providing Mr. Derden with a copy of the summons and complaint constituted valid service on the Ada County Sheriff because Mr. Derden represents the Sheriff[1]

---

[1] It is unclear if Plaintiffs are suing the Ada County Sheriff in his personal capacity, official capacity, or both. The Court, however, need not resolve this issue to rule on the present (Continued)

**REPORT AND RECOMMENDATION - 3**

in legal matters. *See generally* Rsp (Dkt. 22). Service upon a defendant's attorney is only effective, however, if the attorney is "an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2)(C); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248-1249 (9th Cir. 1987). In other words, an attorney is not authorized to receive service of process solely by reason of the attorney's status as counsel. *Pochiro*, 827 F.2d at 1248-1249. For service on a defendant's attorney to be valid, the attorney must have express or implied authority to accept service of process for the client. *Id.*; *see also Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1082-1083 (9th Cir. 2004) (discussing implied authority to accept service of process).

In this case, Mr. Derden denies that he had express authority to accept service of process for the Ada County Sheriff and Plaintiffs have presented no contrary evidence. Derden Decl. ¶ 6 (Dkt. 14-2). Instead, Plaintiffs appear to be arguing that Mr. Derden had implied authority to accept service of process.

To determine whether authority to accept service of process should be implied, the Ninth Circuit has directed district courts to look at "all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." *Rubin*, 387 F.3d at 1083. Further, the Ninth Circuit has warned that "an agent's authority to act cannot be

---

motion. First, Defendant does not challenge service on these grounds. Second, while the Ninth Circuit has not squarely addressed whether state officials sued in their official capacity are better served as individuals according to Rule 4(e) or as public entities according to Rule 4(j), case law suggests that service under either Rule is sufficient. *See Gerritsen v. Consulado Gen. de Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (when defendants are sued in their official capacity, one option is for service to be made "personally") and *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982) (suggesting that a state official sued in an official capacity can be served under state rules for public entities).

**REPORT AND RECOMMENDATION - 4**

established solely from the agent's actions. Rather, the authority must be established by an act of the principal." *Id.* at 1084. Plaintiffs have presented insufficient information for the undersigned to conclude that the Ada County Sheriff impliedly authorized Mr. Derden to accept service on his behalf. The undersigned, accordingly, recommends that the Court grant Defendant's motion to quash.

> II.   <u>Plaintiffs have established good cause for the defective service, and the undersigned recommends that the Court extend the deadline to serve the Ada County Sheriff.</u>

A finding of insufficient service of process does not necessitate dismissing an unserved defendant. As noted above, the Court must extend the service deadline upon a showing of good cause and enjoys broad discretion to extend the deadline even in the absence of such a showing. *In re Sheehan*, 253 F.3d at 512. Because Plaintiffs are proceeding pro se, the undersigned applies these standards leniently. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) ("courts must apply considerable leeway when assessing whether a pro se civil rights litigants' [sic] failure to comply strictly with time limits" such the service deadline "should be excused for good cause").

Here, all of the relevant factors weigh in favoring of finding good cause and extending the service deadline. First, Plaintiffs made a good faith attempt to serve the Ada County Sheriff within the final service deadline set by the Court. While this attempt was ultimately unsuccessful it was based on the sincere belief that Mr. Derden, the Chief Legal Advisor to Ada County Sheriff, had implied authorization to accept service for his client. Given the cases cited above, this belief was not unreasonable. Second, as demonstrated by his timely appearance, the Ada County Sheriff received actual notice of the lawsuit. Third, Defendant has not identified any prejudice he will suffer by another extension of the service deadline. Finally, given the

**REPORT AND RECOMMENDATION - 5**

statute of limitations, Plaintiffs may be severely prejudiced if the Court dismisses the claims against the Ada County Sheriff based on the service defect.

For all these reasons, the undersigned recommends that the Court find good cause, or if the Court believes good cause is lacking, exercise its discretion to extend the deadline for Plaintiffs to properly serve Defendant Ada County Sheriff.

The undersigned notes that Defendant has expressed a willingness to consider waiving service under Rule 4(d)(1) should the Court extend the service deadline. Mtn. to Quash at 7, n.1 (Dkt. 14-1). The undersigned commends Defendant for this acknowledgement and strongly encourages Defendant to waive service of process in accordance with its duty "to avoid unnecessary expenses of serving the summons." See Fed. R. Civ. P. 4(d).

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Ada County Sheriff's Motion to Quash Insufficient Service (Dkt. 14) be GRANTED IN PART;

2. The Court quash service on Defendant Ada County Sheriff; and

3. The Court extend the deadline for Plaintiffs to serve Defendant Ada County Sheriff to a date certain.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 18, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 6**