UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NATASHA J. RAY, MARY FRISCH, THOMAS DESHAZO, and JEANNE DESHAZO,<br><br>  Plaintiffs,<br><br>vs.<br><br>DAVID SCHILE, KATELIN E. BARTLES, BENJAMIN V. SCHILE, MITCH GARDNER, LAW OFFICE OF BRIAN D. WEBB, LLC, MICHAEL C. MCCLURE, and ADA COUNTY SHERIFF,<br><br>  Defendants. | Case No.: 1:23-CV-00488-BLW-REP<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Benjamin[1] V. Schile's Motion to Quash (Dkt. 17). In this motion, Defendant argues that he has not been validly served under Federal Rule of Civil Procedure 4(e). For the reasons set forth below, the undersigned agrees that Plaintiffs' efforts at service have been deficient, but recommends that the Court extend the deadline for Plaintiffs to properly serve Benjamin Schile.

### PROCEDURAL HISTORY

This action was filed on November 3, 2023. (Dkt. 1.) The original deadline for Plaintiffs to complete service of process was February 1, 2024. *See* Fed. R. Civ. P. 4(c)(1) and 4(m). When Plaintiffs missed this deadline, the Court extended the time to complete service of process to March 22, 2024. (Dkt. 4.) The Court also provided Plaintiffs with information on how to properly complete service of process. *Id.*

---

[1] In the complaint, Plaintiffs misspell Defendant's name as "Benjaman." Going forward, the Court will follow the spelling used by Defendant's counsel.

REPORT AND RECOMMENDATION - 1

On April 3, 2024, Plaintiffs filed an "Affidavit of Service" asserting that they had served five Defendants, including Benjamin Schile, by email. (Dkt. 10.) On May 2, 2024, the Court entered an order explaining that email was not an acceptable form of service. (Dkt. 11.) The Court once again provided information on how to complete service of process and ordered that Plaintiffs serve all Defendants by June 3, 2024. The Court warned that failure to effectuate valid service by the second amended service deadline could result in the dismissal of this action without prejudice. *Id.*

In response to this order, Plaintiffs made a second attempt to serve Benjamin Schile. (Dkts. 12-13.) Specifically, Plaintiffs' process server went to the home of Benjamin Schile's father, David Schile. Plaintiffs argue that this address was "the last known address for Benjamin Schile." Rsp at 6 (Dkt. 28). David Schile alleges that he told the process server that his son did not live with him. Decl. of David Schile ¶¶ 3, 5 (Dkt. 17-1). Plaintiffs' process server, nevertheless, left copy of the summons and complaint at the home for Benjamin Schile. *Id.*; *see also* Proof of Service (Dkt. 13). Plaintiffs argue that this constitutes valid service of process. *See* Rsp at 6 (Dkt. 28).

## LEGAL STANDARD

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-975 (9th Cir. 2013) (citation omitted). Once service is challenged, as it is here, "plaintiffs bear the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

If plaintiffs cannot satisfy that burden and the service deadline has expired, the Court must quash service and either (i) dismiss the action without prejudice or (ii) extend the service

**REPORT AND RECOMMENDATION - 2**

deadline under Rule 4(m). *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). In deciding which action to take, the Court follows a two-step process. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).

"First, upon a showing of good cause for the defective service, the court must extend the [service] time period." *Id.* Courts determine whether a plaintiff has shown good cause on a case-by-case basis. At a minimum, showing good cause requires "excusable neglect." *Id.* A plaintiff, however, may also be required to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Second, if a plaintiff fails to establish good cause, the court retains discretion to extend the service period. *Id.* The Ninth Circuit has directed district courts to consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" when exercising their discretion. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *see also United States v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004) (remanding because the district court "failed to consider the question of prejudice" before dismissing the lawsuit). Determining how to balance these factors generally rests with the sound discretion of the district court. *Efaw*, 473 F.3d at 1041.

## DISCUSSION

I.  Plaintiffs have not established that they validly served Benjamin V. Schile.

Plaintiffs maintain that leaving a copy of the summons and complaint at a defendant's last known address is a valid method of service under Rule 4(e). *See* Rsp at 6 (Dkt. 28).

**REPORT AND RECOMMENDATION - 3**

Plaintiffs are mistaken. Under Federal Rule of Civil Procedure 4(e), Plaintiffs had three options for serving Defendant Benjamin V. Schile:

(1) delivering a copy of the summons and complaint to the defendant personally;

(2) leaving a copy of the summons and complaint at the defendant's "dwelling or usual place of abode" with someone of suitable age and discretion who resides there; or

(3) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process for the defendant.

See Fed. R. Civ. P. 4(e)(2).[2] This rule does not permit service at a defendant's last known address."[3] Here, David Schile has attested that Benjamin Schile was not living with him when service was attempted. Decl. of David Schile ¶¶ 3, 5 (Dkt. 17-1). Plaintiffs have presented no contrary evidence. The undersigned, accordingly, recommends that the Court grant Defendant's motion to quash.

II. The undersigned recommends that the Court exercise its discretion to extend the deadline to serve Benjamin Schile.

A finding of insufficient service of process does not necessitate dismissing an unserved defendant. As noted above, the Court must extend the service deadline upon a showing of good

---

[2] Under Federal Rule of Civil Procedure 4(e)(1), a summons and complaint may also be served in any manner authorized by state law. Fed. R. Civ. P. 4(e)(1). In Idaho, however, the service requirements for individuals are the substantively the same as those in the Federal Rules. See Idaho Rule of Civil Procedure 4(d)(1).

[3] The Idaho case Plaintiffs cite for the contrary proposition - *State v. Doe (In re Doe)*, 144 Idaho 819 (Idaho 2007) – is a criminal case that does not address the rules governing service of process. The one other case Plaintiffs cite – *National Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991) – is similarly inapposite. The issue in *National Dev. Co.* was how to identify the dwelling place or usual place of abode for an individual who maintains multiple residences. The Second Circuit held that the defendant was properly served at the apartment where he was currently living. *Id.* at 258. The Court expressed "no opinion" about whether the defendant could have been served at one of the other homes he maintained, but was not actively residing in on the date of service. *Id.*

**REPORT AND RECOMMENDATION - 4**

cause and enjoys broad discretion to extend the deadline even in the absence of such a showing. *In re Sheehan*, 253 F.3d at 512. Because Plaintiffs are proceeding pro se, the undersigned applies these standards leniently. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) ("courts must apply considerable leeway when assessing whether a pro se civil rights litigants' [sic] failure to comply strictly with time limits" such the service deadline "should be excused for good cause").

Here, Plaintiffs' failure to timely serve Benjamin Schile appears to be the result of Plaintiffs' mistaken belief that taking reasonable steps to notify the defendants of the lawsuit exempts them from complying with the letter of Rule 4(e). The undersigned is sympathetic this misapprehension, but questions whether it rises to the level of good cause. As outlined above, the Court has repeatedly warned Plaintiffs that their service obligations are serious and has provided Plaintiffs with multiple outlines of Rule 4's requirements.

Even if good cause is lacking, however, the relevant factors weigh strongly in favoring of the Court exercising its discretion to extend the service deadline. First, Plaintiffs have attempted to serve Benjamin Schile within the deadlines set by the Court. Second, Benjamin Schile has received actual notice of the lawsuit, as demonstrated by his appearance in this matter. Third, Benjamin Schile has not identified any prejudice he will suffer by another extension of the service deadline. Finally, given the statute of limitations, Plaintiffs may be severely prejudiced if the Court dismisses the claims against Benjamin Schile based on the service defect.

For all these reasons, the undersigned recommends that the Court exercise its discretion to extend the deadline for Plaintiffs to properly serve Defendant Benjamin Schile.

The undersigned notes that Defendant Benjamin Schile has a duty "to avoid unnecessary expenses of serving the summons." *See* Fed. R. Civ. P. 4(d). The undersigned encourages

**REPORT AND RECOMMENDATION - 5**

Defendant Benjamin Schile to waive service under this Rule, so that the case may proceed in the most "just, speedy, and inexpensive" manner.  See Fed. R. Civ. P. 1.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Benjamin Schile's Motion to Quash for Insufficient Service (Dkt. 17) be GRANTED IN PART;

2. The Court quash service on Defendant Benjamin Schile; and

3. The Court extend the deadline for Plaintiffs to serve Defendant Benjamin Schile to a date certain.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 18, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 6**