UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NATASHA J. RAY, MARY FRISCH, THOMAS DESHAZO, and JEANNE DESHAZO,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID SCHILE, KATELIN E. BARTLES, BENJAMIN V. SCHILE, MITCH GARDNER, LAW OFFICE OF BRIAN D. WEBB, LLC, MICHAEL C. MCCLURE, and ADA COUNTY SHERIFF,<br><br>Defendants. | Case No.: 1:23-CV-00488-BLW-REP<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiffs Natasha J. Ray and Thomas DeShazo's joint[1] response to the Court's Amended Order to Show Cause. In this response, Plaintiffs ask that the Court grant them leave to serve two unserved Defendants: the Law Office of Brian D. Webb and Michael C. McClure.[2] For the reasons set forth below, the undersigned recommends that the

---

[1] While the response is styled as a response by all four Plaintiffs, the response is only signed by Plaintiffs Natasha J. Ray and Thomas DeShazo. Because a pro se party cannot represent another pro se party, the Court construes the response as brought by the two Plaintiffs who signed the document. *See Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) ("the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") and *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (cleaned up).

[2] In the documents available to the Court, Plaintiffs use various spellings for Defendant McClure's first name, including "Mitchael" and "Mitchel." *See* Compl. (Dkt. 1) and Rsp (Dkt. 29). The state court documents provided by Plaintiffs suggest that Defendant McClure's first name is "Michael." *See* Declaration of Non-Compliance (Dkt. 29, p. 7). The undersigned, consequently, will use this spelling going forward.

**REPORT AND RECOMMENDATION - 1**

Court deny this request and dismiss Plaintiffs' claims against the Law Office of Brian D. Webb and Michael C. McClure without prejudice.

## PROCEDURAL HISTORY

This action was filed on November 3, 2023.  (Dkt. 1.)  The original deadline for Plaintiffs to complete service of process was February 1, 2024.  *See* Fed. R. Civ. P. 4(c)(1) and 4(m).  Because Plaintiffs are proceeding pro se, on December 20, 2023, the Court issued an Order advising Plaintiffs of the service deadline and describing their service obligations.  (Dkt. 3.)  The Court warned Plaintiffs that failure to effect service could result in dismissal of the lawsuit.  *Id.*  Despite this order, Plaintiffs missed the original service deadline.  As is its normal practice, the Court sua sponte extended the time to complete service of process, to March 22, 2024.  (Dkt. 4.)  The Court reiterated the information it had previously provided Plaintiffs regarding how to properly complete service of process.  *Id.*  The Court warned Plaintiffs again that failure to timely complete service could result in the dismissal of the lawsuit.  *Id.*

On March 22, 2024, Plaintiffs obtained summonses from the Clerk of Court for five of the seven Defendants – David Schile, Katelin E. Bartles, Benjaman V. Schile, Mitch Gardner, and the Ada County Sheriff.

On April 3, 2024, Plaintiffs filed an "Affidavit of Service" asserting that they had served, by email, the five Defendants for whom they had obtained summonses.  (Dkt. 10.)  On May 2, 2024, when no defendants had appeared, the Court entered an order explaining that Plaintiffs' attempts at service were defective.  (Dkt. 11.)  The Court once again provided information on how to complete service of process and ordered that Plaintiffs serve all Defendants by June 3, 2024.  As before, the Court warned that failure to effectuate valid service by the amended service deadline could result in the dismissal of this action without prejudice.  *Id.*

**REPORT AND RECOMMENDATION - 2**

In response to this order, Plaintiffs made another attempt to serve the five Defendants that they had previously emailed. (Dkts. 12-13.) Plaintiffs, however, made no effort to obtain summonses for or serve the Law Office of Brian D. Webb or Michael C. McClure. Nor did Plaintiffs request an extension of the service deadline or file any document indicating that they had attempted, or were planning to attempt, service on either Defendant.

On August 28, 2024, the Court issued an order to show cause requiring Plaintiffs to explain why the claims, if any, against the Law Office of Brian D. Webb and Michael C. McClure should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effectuate service. (Dkt. 27.)

On September 9, 2024, Plaintiffs Natasha J. Ray and Thomas DeShazo filed a response to the order to show cause. (Dkt. 29.) Plaintiffs argue that their claims against the Law Office of Brian D. Webb and Michael C. McClure should not be dismissed prior to discovery and that their failure to timely serve these defendants should be excused. *Id.*

## LEGAL STANDARD

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). . . ." Fed. R. Civ. P. 4(c)(1). If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In determining whether to dismiss the case or extend the service deadline, the Court follows a two-step process. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).

"First, upon a showing of good cause for the defective service, the court must extend the [service] time period." *Id.* Courts determine whether a plaintiff has shown good cause on a

**REPORT AND RECOMMENDATION - 3**

case-by-case basis. At a minimum, showing good cause requires "excusable neglect." *Id.* A plaintiff, however, may also be required to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Second, if a plaintiff fails to establish good cause for untimely service, the court has the discretion to dismiss the claims against the unserved defendant without prejudice or to extend the service period. *Id.* The Ninth Circuit has directed district courts to consider "factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" when exercising their discretion under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *see also United States v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004) (remanding because the district court "failed to consider the question of prejudice" before dismissing the lawsuit). Determining how to balance these factors generally rests with the sound discretion of the district court. *Efaw*, 473 F.3d at 1041; *see also In re Sheehan*, 253 F.3d at 513 (declining to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)").

## DISCUSSION

I.  <u>Plaintiffs have not established excusable neglect for their failure to serve the Law Office of Brian D. Webb or Michael C. McClure.</u>

To obtain a mandatory extension of the service deadline, Plaintiffs, at a minimum, must establish excusable neglect. *In re Sheehan*, 253 F.3d at 513. Because they are proceeding pro se, the undersigned applies this standard leniently. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) ("courts must apply considerable leeway when assessing whether a pro se

**REPORT AND RECOMMENDATION - 4**

civil rights litigants' [sic] failure to comply strictly with time limits" such the service deadline "should be excused for good cause").  The standard, however, is not toothless.

Pro se litigants must follow the same rules of procedure that govern other litigants. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1996).  A pro se plaintiff's failure "to read and attempt to follow [basic] court rules" does not constitute excusable neglect. *Id.* at 382; *see also McGuckin*, 974 F.2d at 1058 ("the simple negligence of the plaintiff" is usually "not an adequate excuse for failure to satisfy" the service deadline).

Here, the Court provided Plaintiffs with three separate warnings about their service obligations.  (Dkts. 3, 4, and 11).  These warnings provided Plaintiffs with an outline of the service requirements and directed Plaintiffs to the Rules that govern service of process.  They also warned Plaintiffs of the consequences of failing to timely serve every Defendant.

Plaintiffs have not identified cogent reasons for failing to heed these warnings.  Plaintiffs contend that they did not serve Defendant McClure because they were unable to determine whether he was a proper defendant in this lawsuit.  That might be a reason for failing to name him in the complaint, but it is not a reason for failing to provide him with notice of the lawsuit once he was named as a Defendant.  As the Court repeatedly warned, it is Plaintiffs' responsibility to properly notify *every* Defendant of the lawsuit.  Here, Plaintiffs named Defendant McClure in the caption of their original complaint, but have made no efforts to serve him despite multiple warnings about the service requirements.

Turning to the Law Office of Brian D. Webb, Plaintiffs assert that they "attempted to serve the Webb Law at the address listed on the firm's website and another address found through an internet search in Meridian, Idaho" but were unable to complete service because "[t]he Webb Law office was no longer located at these addresses."  Rsp at 2 (Dkt. 29).  As an

initial matter, the undersigned notes that Plaintiffs have not obtained summons for the Law Office of Brian D. Webb. This raises serious questions about the nature of their alleged service attempt.

Further compounding the problem, Plaintiffs fail to state when the alleged service attempt occurred. The only information in the record about the timing of the attempt is the Attorney Roster Search. *See* Attorney Roster Search (Dkt. 29, p. 9). This search is dated September 5, 2024, suggesting that Plaintiffs' attempt to serve the Law Office of Brian D. Webb (i) did not occur until months after the Court's generous service period expired and (ii) was triggered by the Court's Order to Show Cause. If this is true, Plaintiffs have provided no justification for their failure to attempt service on the Law Office of Brian D. Webb before the second extended service deadline of June 3, 2024.

Even if the service attempt occurred before June 3, 2024, Plaintiffs have still not shown excusable neglect. It is Plaintiffs', not the Court's, responsibility to serve Defendants by the service deadline. Fed. R. Civ. P. 4(c)(1). From the beginning of the lawsuit, the Court has warned Plaintiffs that these deadlines are serious and that they must serve Defendants by the deadline, or if they need more time, file a request to extend the service deadline. (Dkt. 3.) Despite these warnings, Plaintiffs did not alert the Court to any issues with serving the Law Office of Brian D. Webb or request more time to complete service on this Defendant until September 9, 2024, more than two months after the expiration of the June 3, 2024 service deadline. Plaintiffs provide no explanation for this failure.

The undersigned is sympathetic to the difficulties Plaintiffs face as pro se litigants. To alleviate these difficulties, the Court has provided numerous warnings and advice about service of process and has twice extended the service deadline. Based on the information currently

**REPORT AND RECOMMENDATION - 6**

available to the undersigned, it appears that Plaintiffs' failure to timely serve the Law Office of Brian D. Webb and Michael C. McClure resulted from Plaintiffs' failure to read and follow the Court's instructions, not any external impediment, or justifiable misunderstanding of debatable legal issues.  In these circumstances, the undersigned cannot find excusable neglect.  The undersigned, therefore, recommends that the Court deny Plaintiffs a mandatory extension of the service deadline.

> II. While the statute of limitations may foreclose Plaintiffs from reasserting their claims, the remaining factors weigh against a third extension of the general service deadline.

Even where a plaintiff fails to show good cause, the Court enjoys the discretion to extend the service deadline.  *In re Sheehan*, 253 F.3d at 512.  In exercising this discretion, the Ninth Circuit requires district courts to consider, among other things, the prejudice to the plaintiffs.  *See Watches*, 366 F.3d at 773.   For example, the Ninth Circuit has encouraged district courts to liberally extend the service deadline where a "statute-of-limitations bar would operate to prevent re-filing of the action" in the absence of an extension.  *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, it appears that Plaintiffs' claims against the Law Office of Brian D. Webb and Michael C. McClure may be barred by the statute of limitations upon refiling.  *See* Pls' Rsp to Mtn to Quash (Dkt. 22) (discussing potential statute of limitations issues with Plaintiffs' parallel claims against the Ada County Sheriff).  A statute of limitations bar, however, is not dispositive.  *See Efaw*, 473 F.3d at 1041 (reversing a district court's seven-year extension of the service deadline even though the statute of limitations barred re-filing of the suit).  Where a plaintiff fails to show excusable neglect, the delay is extreme, or the prejudice to the defendant is appreciable, a district court has discretion to refuse to extend the service deadline even in the face of serious

**REPORT AND RECOMMENDATION - 7**

prejudice to a plaintiff. *Id.*; *see also Lemoge*, 587 F.3d at 1198 (suggesting that district courts may require a showing of excusable neglect before exercising their discretion to extend the service deadline).

Here, Plaintiffs have not identified any impediment or other explanation for their failure to obtain the necessary summonses for the Law Office of Brian D. Webb and Michael C. McClure, their failure to attempt service on these Defendants, or their failure request additional time to serve these Defendants within any of the <u>three</u> service deadlines previously set by the Court. Given this history, the undersigned does not recommend a discretionary extension of the service deadline. The undersigned recognizes that this is a discretionary decision and defers to the assigned District Judge for a final determination on the matter.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs Natasha J. Ray and Thomas DeShazo's request for additional time to serve Defendants the Law Office of Brian D. Webb and Michael C. McClure be DENIED; and

2. Plaintiffs' claims against the Law Office of Brian D. Webb and Michael C. McClure be dismissed without prejudice.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 18, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 8**